# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONI MCNEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-16-1280-M |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS INC. and ACCOUNT | ) |
| MANAGEMENT RESOURCES a/k/a | ) |
| CREDIT COLLECTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Account Management Resources a/k/a Credit Collections, Inc.'s ("AMR") Motion for Leave to File Answer Out of Time, filed December 9, 2016. On December 10, 2016, plaintiff filed her response, and on December 20, 2016, AMR filed its reply.

AMR moves this Court, pursuant to Federal Rule of Civil Procedure 6(b), for leave to file an answer to plaintiff's Complaint out of time. Rule 6(b) provides, in pertinent part:

> **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> \* \* \*
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B). In determining whether neglect is excusable, a court should take into account the "entire circumstances of the case". *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). Further,

> [a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" . . . is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Id.* (internal quotations and citation omitted). Finally, in determining whether a party has shown excusable neglect, a court should consider the following four factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *See id.*

On December 2, 2016, plaintiff filed a motion for entry of default, asserting that she obtained valid service of process on AMR on November 10, 2016, and that AMR's answer was due on December 1, 2016. AMR asserts that there were irregularities in the evidence of service and further asserts that it was acting on the belief that it had received a copy of the Summons and Complaint on November 14, 2016, with an answer date of December 5, 2016. AMR also asserts that prior to receiving notice of the motion for entry of default, it had intended to file an answer on either Friday, December 2, 2016 or Monday, December 5, 2016, but did not file an answer on either of those dates because the motion for entry of default was pending and AMR believed that filing an answer without formal leave of court would have escalated the preliminary procedural filings and litigation in this case.

Having carefully reviewed the parties' submissions, the Court finds that AMR has shown excusable neglect and that AMR should be granted leave to file its answer to plaintiff's Complaint out of time. Specifically, the Court finds that because AMR sought leave to file its answer out of time within days of when the answer was due, there is no danger of prejudice to plaintiff. Additionally, the Court finds the extremely short delay has no real impact on these judicial proceedings. The Court further finds the reason set forth by AMR warrants leave being granted. Finally, the Court finds AMR acted in good faith.

Accordingly, the Court GRANTS AMR's Motion for Leave to File Answer Out of Time [docket no. 19]. AMR shall file its answer to plaintiff's Complaint within seven (7) days of the date of this Order.

**IT IS SO ORDERED this 5th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE